IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY D. GARLAND,
      Plaintiff,

vs.                            Case No. 3:12cv458/LC/CJK

MEDICAL HEALTH SERVICE, et al.,
      Defendants.

_____

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2) and a motion for temporary restraining order and preliminary injunction (doc. 3). The Court has reviewed plaintiff's pleadings and concludes that this case should be dismissed under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

This Court has recognized plaintiff as a "three-striker" under § 1915(g). *See Garland v. Med. Health Serv.*, No. 4:12cv34/SPM/WCS (N.D. Fla. 2012) (Doc. 4 (citing cases)); *Garland v. Health Servs. Dep't*, No. 4:11cv235/RH/WCS (N.D. Fla. 2011) (Doc. 5 (citing cases)). Plaintiff, while incarcerated, has brought at least three civil actions in the federal courts that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Garland v. State of Florida*, No. 0:08cv61020 (S.D. Fla. 2008) (dismissing as frivolous civil rights complaint filed by plaintiff while incarcerated); *Garland v. Wheeler*, No. 0:08cv61054 (S.D. Fla. 2008) (dismissing as frivolous civil rights complaint filed by plaintiff while incarcerated); *Garland v. State of Florida*, No. 0:08cv61052 (S.D. Fla. 2008) (dismissing for failure to state a claim civil rights complaint filed by plaintiff while incarcerated).

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28

U.S.C. § 1915(g), *Brown, supra*.  Plaintiff's allegations of "neglect of follow up [medical] treatment," "neglect of medical equipment, cell and shower," and mail tampering do not bring him within the "imminent danger" exception.  (*See* Docs. 1, 3).  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).  Plaintiff may re-file his complaint if it is accompanied by the full $350.00 filing fee.

3. That all other pending motions be DENIED as moot.

4. That the Clerk be directed to close the file.

At Pensacola, Florida this 27th day of September, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).